# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:10CV-P296-S

**REVEL ZAIN**                                                                         **PLAINTIFF**

v.                                                                                                             **DEFENDANTS**

**MICHAEL ZAHRADNICEK** *et al.*

## MEMORANDUM OPINION AND ORDER

### I.

Plaintiff, Revel Zain, a convicted inmate currently incarcerated at the Daviess County Detention Center, filed this 42 U.S.C. § 1983 action on behalf of himself and his minor son, J.Z. Zain sues the following Louisville Metro Police Officers in both their official and individual capacities: Michael Zahradnicek, Thomas D. Schardein, R. Schroeder, Darice Wiley, and M. Shugart. Zain also sues the Louisville Metro City Government. Zain alleges that Defendants violated his and his minor son's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution on or about April 24, 2009, when Defendant police officers came to Zain's house, tased him in front of his son, refused to leave for several hours despite the fact that Zain asked them to do so, and then searched Zain's home in his absence.[1]

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[1]Defendants eventually secured an arrest warrant, and Zain was taken into custody. It is unclear from the complaint why Zain was arrested.

immune from such relief. *See* 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). The Court will now proceed to conduct the required review of Zain's complaint. After doing so, for the reasons set forth below, the Court will dismiss a portion of Zain's claims and allow a portion to proceed for further development.

**II.**

According to Zain, on the evening of April 24, 2009, he was at his home with his minor son, J.Z. He looked out his window and saw what appeared to be police detectives in his front yard. He opened his door to investigate further. When he did so, he encountered Defendants Shugart and Schardein. Zain asked them what was going on. Defendant Shugart stated that they were wondering the same thing. Zain told Defendants he did not know what they were talking about and that there was no trouble at his house. Zain states that Defendant Shugart stated that he would like to talk to Zain. Zain asked Defendant Shugart if he was under arrest. Defendant Shurgart stated that Zain was not under arrest and that they just wanted to talk to him. Zain responded that if he was not under arrest for anything he had nothing to talk about. Zain states that he then went back inside of his house.

When Zain looked outside his window a bit later, he saw that the Defendant officers were still on his property-- standing in his front yard and next to his truck in the driveway. Zain again opened the door and was met there by Defendant Schardein. Zain states that he repeatedly asked Defendants to leave, but they refused to do so. By this time, Zain claims that the Defendant officers were pointing guns at him and his son. He again asked if he was under arrest and the Defendant officers again told him that was not. He states that Defendant Zahradnicek then approached from the side of Zain's garage and shot him with a taser gun causing him to fall to the ground. Zain states that when he recovered, he went back in his house and called 911, a

2

family friend, and his attorney. Zain states that he was so fearful for his and his son's safety that he could not leave the home.

The tasing allegedly occurred at 7:41 p.m. on April 24th. Zain states that at this time he was not under arrest. Defendants later obtained a warrant for his arrest. Zain was removed from his home at approximately 12:10 a.m. on April 25th. Approximately twenty minutes later, Defendants conducted a search of Zain's home pursuant to a search warrant.

**III.**

Zain is attempting to bring this suit on behalf of himself and his minor son, J.Z. In a civil rights action, "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is his own and does not belong to his parent or representative." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (holding, in a § 1983 action, that "under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney")). Therefore, Zain, a non-attorney, cannot bring this action on behalf of his minor child without legal representation. Should Zain wish to pursue claims on behalf of his son, he must obtain counsel. All claims purporting to be on behalf of Zain's minor son, J.Z., will be dismissed without prejudice. Additionally, Zain is **INSTRUCTED** that any future filings by him should only contain the initials, not the full name, of any minors.

**IV.**

Section 1983 provides a federal forum for injured parties to seek a remedy for the deprivation of their civil liberties. 42 U.S.C. § 1983; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, (1989). "To state a valid § 1983 claim, a plaintiff must establish that: (1) he was

3

deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Id.*

### A. Eighth Amendment Claims

The Eighth Amendment applies only to convicted inmates. At the time the alleged events occurred, Zain was not a convicted person. As such, the Eighth Amendment is inapplicable. All Zain's Eighth Amendment claims will be dismissed.

### B. Fifth Amendment Claims

The Fifth Amendment of the United States Constitution provides:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. CONST. amend. V.

Zain fails to explain how the Fifth Amendment applies to his claims. Based on the facts alleged by Zain, the Court does not find that Zain has a cognizable Fifth Amendment claim against Defendants in this instance. Specifically, the Court notes that to the extent that Zain is attempting to rely on the Due Process Clause of the Fifth Amendment, it circumscribes only the actions of the federal government. *See, e.g., Sturgell v. Creasy*, 640 F.2d 843, 850 (6th Cir. 1981); *Walker v. Hughes*, 558 F.2d 1247, 1257 (6th Cir. 1977). Here, the actions of municipal, not federal, officials are at issue, and the Court will dismiss the Fifth Amendment claims.

### C. Official-Capacity Claims and the Claim Against Louisville Metro City Government

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Zain's official-capacity claims against Defendants are, therefore, actually claims against the municipality. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008).

"[A] municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), overruled on other grounds by *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326, (1981)

(citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

In the instant case, Zain has not alleged that Defendants acted pursuant to a municipal policy or custom in causing his alleged harm. Zain's complaint appears to allege isolated occurrences affecting only him. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that Defendants' actions occurred as a result of a policy or custom implemented or endorsed by the municipality, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against it.

Accordingly, Zain's official-capacity claims and his claim against the Louisville Metro City Government will be dismissed for failure to state a claim.

**D.      Fourth/Fourteenth Amendment Claims**

The Fourth Amendment applies to the states via the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 654-57 (1961). The Fourth Amendment protects against unreasonable searches and seizures. It provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

A review of Zain's complaint indicates that he is alleging that the Defendant officers violated his Fourth Amendment rights in three ways: 1) knocking on his door and refusing to leave his property when he requested them to do so even though at that time they did not have a warrant for his arrest; 2) shooting him with a tazor gun; and 3) and conducting a search of his home in

6

his absence after he was arrested.

**First Claim**

Police do not violate the Fourth Amendment simply by approaching the entry to a person's dwelling place, knocking, and asking to talk. This technique is known as the "knock and talk." The Sixth Circuit recognizes the "knock and talk" as a legitimate investigatory tool available to police. *See Hardesty v. Hamburg Twp.*, 461 F.3d 646, 654 (6th Cir. 2006). A permissible "knock and talk," however, can cross the line and become the subject of Fourth Amendment violations if law enforcement officers "assert their authority, refuse to leave, or otherwise make the people inside feel they cannot refuse to open up." *United States v. Spotted Elk*, 548 F.3d 641, 655 (8th Cir. 2008). Based on Zain's allegations, the Court will permit his claim that the Defendant officers violated his Fourth Amendment rights when they refused to leave his property after he requested them to do so to proceed for further development.

**Second Claim**

Fourth Amendment excessive-force claims are analyzed under a "reasonableness standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989). "The 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397. To determine whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment, the court must balance the "individual interest in being free from unreasonable seizures" against the "important government interest in protecting the safety of its peace officers and the public." *Williams v. City of Grosse Pointe Park*, 496 F.3d 482, 486 (6th Cir. 2007) (citing *Graham*, 490 U.S. at 396). A court must carefully consider the facts and circumstance of each particular case, including "the

7

severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396.

Zain alleges that he was tased for no apparent reason or, at most, because he refused to talk to the Defendant officers. The Court will allow this claim to proceed for further development.

**Third Claim**

Zain states that he was "at 200 Juneau Drive, not present at AM for the search of his home, [a] clear violation of Zain's 4th and 14th Amendment [rights] to the Constitution." Zain's complaint indicates that the police had a warrant when they searched his home. "Nothing in the Fourth Amendment or in the case law elaborating it or in the practice of searches pursuant to warrants requires that searches be confined to times at which the owner or occupant of the premises to be searched is present so that he can monitor the search." *United States v. Stefonek*, 179 F.3d 1030, 1034 (7th Cir. 1999). Because Zain did not have a constitutional right to be present during the search, he has failed to state a Fourth Amendment violation based on the facts alleged as to this claim.

**V.**

For the reasons set forth above, and being otherwise sufficiently advised, **IT IS ORDERED** that:

J.Z.'s claims are **DISMISSED without prejudice**;

Plaintiff Revel Zain's claims against the Louisville Metro City Government, his official-capacity claims against all Defendants, his Eighth Amendment claims, his Fifth Amendment

claims, and his Fourth/Fourteenth Amendment claim that Defendants violated his rights when they conducted a search of his home in his absence are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Scheduling Order to govern the development of the surviving claims.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Mike O'Connell, Jefferson County Attorney
4411.008