# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

REVEL ZAIN                                                                    PLAINTIFF

v.                                                     CIVIL ACTION NO. 3:10CV-P296-S

MICHAEL ZAHRADNICEK *et al.*                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's motions to proceed *in forma pauperis* (DN 32) and for appointment of counsel (DN 33) and on Defendants' motion to stay pending resolution of Plaintiff's state court criminal action (DN 17). Each is addressed below.

Plaintiff has previously been granted pauper status (DN 8). As such, his motion to proceed as a pauper (DN 32) is **DENIED as moot**. The fact that Plaintiff is a pauper, however, does not mean that he is entitled to appointment of counsel as a matter of right. Litigants do not possess a constitutional right to the appointment of counsel in a civil case. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Rather, appointment of counsel lies exclusively within the Xourt's discretion and is justified only in exceptional circumstances. *Id.* at 606. In support of his motion, Plaintiff states only that he has not been able to hire counsel and is not trained in the law. These are not the type of "exceptional circumstances" that justify appointment of counsel. As such, his motion (DN 33) is **DENIED**.

On initial review, the Court allowed Plaintiff's Fourth Amendment claims related to his detention and arrest to proceed for further development. Defendants have moved to stay this action explaining that Plaintiff was indicted in Jefferson Circuit Court in Case No. 09CR1945 on the following charges: Possession of a Handgun by a Convicted Felon; 2 counts of Wanton Endangerment in the First Degree; Endangering the Welfare of a Minor; and Harassing Communications. Plaintiff is scheduled to stand trial on these charges in January 2011.

Defendants explain that the incident that formed the basis for these criminal charges is the same incident about which Plaintiff complains in this civil action. Defendants are asking the Court to stay this action pending a resolution of the criminal charges in state court.

"If a Plaintiff files . . . any [] claim related to rulings that will likely be made in a pending or anticipated criminal trial, it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato,* 549 U.S. 384, 393 (2007). Given the nature of Plaintiff's claim and the on-going criminal proceedings against him, **IT IS HEREBY ORDERED** that Defendants' motion to stay (DN 17) is **GRANTED** and this action is **STAYED** pending the final disposition of Jefferson Circuit Court in Case No. 09CR1945, *Commonwealth of Kentucky v. Revel Zain*. **Defendants shall notify the Court in writing within 30 days of the final disposition of the above-styled criminal action.**

Date:

cc: Plaintiff, *pro se*
 Counsel of record
4411.008