UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

REVEL ZAIN                                                                                               PLAINTIFF

v.                                                            CIVIL ACTION NO. 3:10CV-P296-S

MICHAEL ZAHRADNICEK *et al.*                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' FED. R. CIV. P. 12(b)(6) motion to dismiss. For the reasons set forth below, the Court will deny Defendants' motion to dismiss.

### I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff Revel Zain filed this 42 U.S.C. § 1983 action against the following Louisville Metro Police Officers in both their official and individual capacities: Michael Zahradnicek, Thomas D. Schardein, R. Schroeder, Darice Wiley, and M. Shugart. Plaintiff also sues the Louisville Metro City Government. He alleges that Defendants violated his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution on or about April 24, 2009, when Defendant police officers came to his house, tased him in front of his son, refused to leave for several hours despite the fact that he asked them to do so, and then searched his home after he had been taken into custody. On initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Court dismissed all of Plaintiff's claims except his Fourth/Fourteenth Amendment claims regarding the "knock and talk" and the tasing of Plaintiff on April 24, 2009. Those claims were allowed to proceed for further development as against Michael Zahradnicek, Thomas D. Schardein, R. Schroeder, Darice Wiley, and M. Shugart.

According to Plaintiff, on the evening of April 24, 2009, he was at his home with his minor son, J.Z. He looked out his window and saw what appeared to be police detectives in his

front yard. He opened his door to investigate further. When he did so, he encountered Defendants Shugart and Schardein. Plaintiff asked them what was going on. Defendant Shugart stated that they were wondering the same thing. Plaintiff told Defendants he did not know what they were talking about and that there was no trouble at his house. Plaintiff states that Defendant Shugart stated that he would like to talk to Plaintiff. Plaintiff asked Defendant Shugart if he was under arrest. Defendant Shurgart stated that Plaintiff was not under arrest and that they just wanted to talk to him. Plaintiff responded that if he was not under arrest for anything, he had nothing to talk about. Plaintiff states that he then went back inside of his house.

When Plaintiff looked outside his window a bit later, he saw that the Defendant officers were still on his property-- standing in his front yard and next to his truck in the driveway. Plaintiff again opened the door and was met there by Defendant Schardein. Plaintiff states that he repeatedly asked Defendants to leave, but they refused to do so. By this time, Plaintiff claims that the Defendant officers were pointing guns at him and his son. He again asked if he was under arrest, and the Defendant officers again told him that was not. He states that Defendant Zahradnicek then approached from the side of Plaintiff's garage and shot him with a taser gun causing him to fall to the ground. Plaintiff states that when he recovered, he went back in his house and called 911, a family friend, and his attorney. Plaintiff states that he was so fearful for his and his son's safety that he could not leave the home.

The tasing allegedly occurred at 7:41 p.m. on April 24th. Plaintiff states that at this time he was not under arrest. Defendants later obtained a warrant for his arrest. Plaintiff was removed from his home at approximately 12:10 a.m. on April 25th. Approximately twenty minutes later, Defendants conducted a search of Plaintiff's home pursuant to a search warrant.

2

As a result of the incident that occurred on April 24, 2009, Plaintiff was indicted on July 6, 2009, in Case No. 09CR1945 on the following charges: possession of a handgun by a convicted felon; two counts of wanton endangerment in the first degree[1]; endangering the welfare of a minor; and harassing communications. On December 20, 2009, Plaintiff, pursuant to an agreement reached with the Commonwealth, entered a plea of guilty to the amended charge of possession of a firearm by a convicted felon; two counts of wanton endangerment in the first degree; and harassing communications.

## II. ANALYSIS

Defendants argue that dismissal is required under *Heck v. Humphrey*, 512 U.S. 477 (1994). The plaintiff in *Heck* was a state prisoner serving time for manslaughter. He brought a § 1983 action for damages, alleging that he had been unlawfully investigated, arrested, tried, and convicted. Although the complaint in *Heck* sought monetary damages, the U.S. Supreme Court ruled that the plaintiff could not proceed under § 1983 because any award in his favor would "necessarily imply" the invalidity of his conviction. *Id.* at 487. However, the Court was careful to add that where the § 1983 action, "even if successful, will not demonstrate the invalidity of any outstanding criminal judgment . . ., the action should be allowed to proceed." *Id.*

Both Plaintiff and Defendants devote a substantial amount of attention to Plaintiff's claim that Defendants violated Plaintiff's Fourth Amendment rights when they searched his home after his arrest. The Court dismissed that claim on initial review:

Zain states that he was "at 200 Juneau Drive, not present at AM for the search of his

---

[1]This apparently arose out of incidents that occurred earlier in the day wherein Plaintiff fired a gun in front of his ex-girlfriend and her aunt. There is no allegation that Plaintiff fired the gun in front of police.

3

> home, [a] clear violation of Zain's 4th and 14th Amendment [rights] to the
> Constitution." Zain's complaint indicates that the police had a warrant when they
> searched his home. "Nothing in the Fourth Amendment or in the case law elaborating
> it or in the practice of searches pursuant to warrants requires that searches be
> confined to times at which the owner or occupant of the premises to be searched is
> present so that he can monitor the search." *United States v. Stefonek*, 179 F.3d 1030,
> 1034 (7th Cir. 1999). Because Zain did not have a constitutional right to be present
> during the search, he has failed to state a Fourth Amendment violation based on the
> facts alleged as to this claim.

(DN 9). Because Plaintiff's claim related to the search has already been dismissed, the Court need not consider whether that claim is barred by *Heck*.

What the Court must determine is whether *Heck* bars Plaintiff's two surviving claims. That determination involves a more detailed analysis than Defendants suggest in their motion. A conviction does not bar all § 1983 claims that arise out of an incident that forms the basis for the criminal charges. *Heck* only serves as a bar if a successful outcome on the § 1983 claims would necessarily imply the invalidity of the criminal conviction. "The court must look both to the claims raised under § 1983 and to the specific offenses for which the § 1983 claimant was convicted. The mere fact that the conviction and the § 1983 claim arise from the same set of facts is irrelevant if the two are consistent with one another." *Schreiber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010).

Plaintiff was convicted of three charges pursuant to his guilty plea: 1) possession of a firearm by a convicted felon; 2) two counts of wanton endangerment; and 3) harassing communications. None of the charges arose out of Plaintiff's interactions with Defendant police officers. They arose out of an incident on April 24, 2009, when Plaintiff fired a gun in front of his ex-girlfriend, Jackie Wilson, and her aunt, Sonnie Sorsor. Importantly, Plaintiff was not convicted of resisting arrest or any similar charges.

4

Plaintiff is pursuing a Fourth Amendment, excessive-force claim against Defendants for firing a taser at him prior to his arrest. Plaintiff maintains that use of the taser was unreasonable under the circumstances. "Generally speaking, 'a claim of excessive force does not necessarily relate to the validity of the underlying conviction and therefore may be immediately cognizable.'" *Id.* (quoting *Swiecicki v. Delgado*, 463 F.3d 489, 493 (6th Cir. 2006), *abrogated on other grounds by Wallace v. Kato*, 549 U.S. 384 (2007)). The charges Plaintiff pleaded guilty to have nothing to do with whether Defendants used excessive force against him. Accordingly, that claim is not barred by *Heck*.[2]

Plaintiff is also pursuing a Fourth Amendment claim related to Defendants' failure to leave Plaintiff's property after their "knock and talk" visit to his residence. It does not appear that any "evidence" was produced during the "knock and talk" that was used in the subsequent criminal case. The criminal prosecution relied on evidence obtained from the two victims and the gun that was located during the subsequent search of the house.[3]

In *Heck*, the Court explicitly recognized a Fourth Amendment, illegal-search claim as the type of claim which, although related to a criminal conviction, would not necessarily imply the invalidity of a conviction if successful. The Court explained:

> [A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of

---

[2]The Court notes that at least one of the exhibits tendered by Defendants in support of their motion to dismiss implies that Plaintiff was not actually hit by the taser. While that is irrelevant for the purpose of Defendants' current motion to dismiss, it could serve as the basis for a summary judgment motion on the excessive-force claim.

[3]As previously stated, the search of the house was conducted pursuant to a warrant after Plaintiff's arrest.

> doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.

*Heck*, 512 U.S. at 487 n.7 (citations omitted); *see also Harper v. Jackson*, 293 F. App'x 389, 391-92 (6th Cir. 2008). Plaintiff's convictions do not rest on evidence obtained during the "knock and talk." As such, *Heck* does not bar Plaintiff's related Fourth Amendment § 1983 claim.

Defendants also allege in their motion to dismiss that they are entitled to qualified immunity. Defendants state, "[g]iven Zain's entry of a plea of guilty, he has failed to carry his burden of establishing that these defendants are not entitled to qualified immunity by failing to prove that the officers 'violated a clearly established right of which a reasonable person would have known.'" Qualified immunity protects from litigation a public official whose possible violation of a plaintiff's civil rights was not clearly a violation *at the time of* the official's actions. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Because Plaintiff's plea was after the conduct at issue, it has no bearing on the qualified-immunity analysis. This is not to say that Defendants may not be entitled to qualified immunity. Rather, the doctrine does not apply in the manner advanced by Defendants in their motion to dismiss.

**III. ORDER**

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss (DN 36) is **DENIED.**

**IT IS FURTHER ORDERED** that the Court's prior Scheduling Order is **MODIFIED** as follows:

(1)     The parties shall complete all pretrial discovery herein no later than **December 27, 2011**.  As a requirement of discovery, Defendants' counsel shall produce to Plaintiff all records or documentation which are relevant to the claims set forth in this complaint that have survived initial review.  **Counsel shall certify that the production is complete and shall file the certification with the Court**.  Within the same time, Plaintiff shall provide counsel for Defendants any records or documentation relevant to his remaining claims.  **Plaintiff shall certify that production is complete and shall file the certification with the Court**.  A party who wishes to file discovery material with the Court must comply with Federal Rule of Civil Procedure 5(d).  *See* Fed. R. Civ. P. 5(d)(1) ("[T]he following discovery requests and responses *must not* be filed until they are used in the proceeding or the court orders filing:  depositions, interrogatories, requests for documents . . ., and requests for admission.") (emphasis added).

(2)     This Order does not override a party's responsibility to timely and completely respond to any discovery requests made pursuant to Federal Rules of Civil Procedure 33, 34, and 36, nor does it prevent a party from otherwise engaging in discovery that is consistent with the Federal Rules of Civil Procedure.[4]

---

[4]The Court notes, however, that this action is exempt from the initial disclosure requirements of Federal Rule of Civil Procedure 26.  *See* Fed. R. Civ. P. 26(a)(1)(B)(iv) ("The following proceedings are exempt from initial disclosure . . . (iv) an action brought without an

(3)     No later than **January 26, 2012**, Plaintiff shall file a pretrial memorandum, setting forth in detail all facts upon which he bases his claims in this matter against Defendants.

(4)     No later than **February 25, 2012**, Defendants shall file a pretrial memorandum. In lieu thereof, or if Plaintiff fails to file the required pretrial memorandum, Defendants may file any dispositive motions, including a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

(5)     Either party may file dispositive motions at any time after providing the discovery required above, or after providing sufficient reason why discovery is unnecessary for resolution of the pending motion. All dispositive motions shall be filed no later than **February 25, 2012**.

(6)     If any party wishes additional time to complete any of the actions directed above, a motion requesting any such extension must be filed with the Court before any such deadline expires. Any such motion to extend any time should indicate the reasons for extension. The Court will not grant an extension unless good cause is shown.

(7)     Should Plaintiff change addresses during the pendency of this matter, he must provide written notice of a change of address to the Clerk and to Defendants' counsel. *See* L.R. 5.2(d).

(8)     Plaintiff is **WARNED** that his failure to notify the Clerk of any address change or

---

attorney by a person in custody of the United States, a state, or a state subdivision.").

failure to comply with this or any subsequent order of the Court **MAY RESULT IN A DISMISSAL OF THIS CASE**.

Date:

cc: Plaintiff, *pro se*
 Counsel of record
4411.008